## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| **ALEXIA KEIL,** individually and<br>on behalf of all others similarly situated, | )<br>)<br>) | |
| Plaintiff, | )<br>) | Cause No.:  4:14-cv-880 |
| vs. | )<br>)<br>) | |
| **THE BLUE BUFFALO COMPANY<br>LTD.,**<br>Serve:<br>United Corporate Services, Inc.<br>Elm Court Plaza<br>1739 East Elm St Ste 101<br>Jefferson City MO 65101 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **JURY TRIAL DEMANDED** |
| Defendant. | )<br>) | |

## CLASS ACTION COMPLAINT

COMES NOW, Alexia Keil ("Plaintiff"), individually and on behalf of all others similarly situated in the United States (the "Class"), and for her causes of action against Defendant The Blue Buffalo Company Ltd. ("Defendant"), states as follows:

## INTRODUCTION

1.　This is a class action on behalf of all persons and entities nationwide who purchased Defendant's pet food.

2.　At all relevant times, Defendant has engaged in a widespread marketing campaign to mislead consumers about the nature of its pet food.

3.　Defendant's pet food is marketed, advertised, and sold by Defendant with material misrepresentations regarding the ingredients present in its products.

4.　One of the most significant misrepresentations at issue, which is emphasized heavily in Defendant's marketing and advertising, is a false claim that Defendant's pet food

1

contains "NO Chicken/Poultry By-Product Meals."

5.      Other misrepresentations at issue include false claims that Defendant's pet food contains no corn, no other grains, and no artificial preservatives, and that Defendant's pet food contains superior nutrition as compared to those of competitor products.

6.      Defendants misrepresentations regarding the ingredients present in its products are prominently displayed and promoted on Defendant's website, on product packaging, in advertisements, and in other like promotional materials.

7.      Defendant's representations of the ingredients in its pet food are false, deceptive, misleading and materially incorrect because Defendant's pet food does contain significant amounts of chicken/poultry by-product meals, corn, other grains, and artificial preservatives, and does not have any superior nutritional value as compared to competitor products.

8.      By advertising and selling the pet food with false claims to consumers regarding its ingredients, Defendant has violated Mo. Rev. Stat. § 407.020 *et seq.,* the Missouri Merchandising Practices Act ("MMPA"), as well as the consumer fraud statutes of other states, and Defendant's deceptive conduct has resulted in Defendant becoming unjustly enriched to the detriment of Plaintiff and the Class.

## JURISDICTION AND VENUE

9.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(d) because in this class action Plaintiff and Defendant are citizens of different states and the amount in controversy is in excess of $5,000,000, exclusive of interests and costs.

10.     Venue in this district is proper under 28 U.S.C. § 1391(b) and (c) because Plaintiff purchased Defendant's pet food products in St. Louis, Missouri, Defendant conducts business in this district and substantially unlawful conduct giving rise to the claims occurred in

2

this district.

## THE PARTIES

11.     Plaintiff Alexia Keil is a Missouri citizen residing in the County of St. Louis City in the State of Missouri.

12.     Defendant The Blue Buffalo Company Ltd. is a Delaware corporation, with its principal place of business in Connecticut. Defendant is in the business of marketing, advertising and selling pet food.  Defendant maintains a registered agent for service of process in Missouri.

## FACTS

13.      Defendant sells pet food for household pets, and has worked to build a brand targeted at ingredient-conscious pet owners.  The ingredients present in pet food are an important characteristic to consumers including the Plaintiff and the Class.

14.     For years, Plaintiff has purchased Defendant's pet food products for her cats and dogs, including Defendant's Blue Life Protection and Freedom pet food products.

15.     Plaintiff's purchases of Defendant's products occurred in St. Louis, Missouri. Plaintiff made these purchases for personal, family or household purposes, namely her family pets which reside in her household.

16.     Plaintiff viewed and relied on Defendant's misrepresentations regarding the ingredients in its pet food when making her purchases.  This reliance was to Plaintiff's detriment, and she would not have purchased Defendant's pet food had she known the actual ingredients present in Defendant's pet food.

17.     In fact, to help improve one of her dog's health, Plaintiff's veterinarian recommended a pet food not containing grains.  As a result, Plaintiff purchased Defendant's Freedom "Grain-Free" dog food and relied upon Defendant's representations and advertisements

3

that it did not contain grain products.  However, Plaintiff's dog's health has gotten progressively worse since Plaintiff switched to Defendant's Freedom "Grain-Free" dog food.

18.     Defendant's product promotion strategy for its pet food is centered around its ingredient claims and promises, and the value of its brand is dependant on such claims. Defendant's nutritional and ingredient claims are prominently displayed, promoted and emphasized on Defendant's website, on product packaging, in television and print advertisements, and in other like marketing and promotional materials.   These ingredient representations include claims that Defendant's pet food contains "NO Chicken/Poultry By-Product Meals," as well as claims that Defendant's pet food contains no corn, no other grains, and no artificial preservatives, and that Defendant's pet food contains superior nutrition as compared to those of competitor products.

19.     Multiple investigations have revealed Defendant's claims are false.

20.     In fact, one investigation discovered substantial amounts of poultry by-products in Defendant's pet food, despite Defendant's advertisements and representations that the pet food contained "NO chicken/poultry by-products meals." Another investigation revealed grain products in Defendant's "Grain-Free" pet foods.

21.     Defendant's representations of the ingredients and nutritional value in its pet food are false, deceptive, misleading and materially incorrect.

22.     Defendant charges a substantial price premium for its pet foods compared to competitors based on Defendant's false ingredient and nutritional claims.  Consumers have relied on Defendant's false ingredient and nutritional claims in making decisions to purchase Defendant's pet food.

23.     As a direct and proximate result of Defendant's deceptive conduct and/or unfair

4

practices, Plaintiff and Class members suffered actual damages and/or economic losses.

24.     The conduct of Defendant was malicious, corrupt, and intentional and/or reckless to a degree sufficient to support an award of punitive damages against Defendant.

## CLASS ALLEGATIONS

25.      Plaintiff brings all claims as an individual and as representative of a Class of persons, pursuant to Rule 23 of the Federal Rules of Civil Procedure, who fall within one of the following two subclasses:

> a.  Persons and consumers in Missouri who purchased Defendant's pet food (hereinafter "Subclass 1"); and
>
> b.  All other persons and consumers in the United States who purchased Defendant's pet food (hereinafter "Subclass 2").

26.     Plaintiff seeks certification of a class action for Subclass 1 for Counts I, II, and III, and for Subclass 2 for Counts II, III and IV.

27.     Excluded from the Class including both subclasses are:  Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the Class period has had, a controlling interest in The Blue Buffalo Company, Ltd.; the Judge to whom this case is assigned and any member of the Judge's immediate family; and all those who validly and timely opt-out of the certified Class.

28.     Plaintiff also states alternative causes of action under the laws of the other states of residence of class members having consumer fraud laws prohibiting the unlawful conduct specified herein.

29.     Numerosity: The persons in the Class identified above are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is

unknown, the information on which that number is calculated is presently within the sole control of the Defendant. Upon information and belief, there are thousands of Class Members based upon the fact that the Pet food is sold in several retail outlets, including at PetSmart, Inc., which operates in excess of 1100 retail locations nationwide, and Petco Animal Supplies, which operated in excess of 1300 retail locations nationwide.

30.     Commonality: There are numerous questions of law and fact common to the Class that predominate over any questions affecting only individual members. The questions of law and fact common to the Class that predominate over any question solely affecting individual members of the Class include, but are not limited to whether:

a)     Defendant has made representations about the pet food's ingredients, and/or its quality, features, characteristics or effects that are untrue, false, inaccurate, or deceptive

b)     Defendant's conduct constitutes deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of a material fact in connection with the sale or advertisement of the Pet food;

c)     Defendant's conduct was unfair and/or deceptive;

d)     Defendant violated the MMPA;

e)     Defendant's conduct was unjust;

f)     Plaintiff and Class have been damaged by Defendant's conduct;

g)     Defendants' actions as described above violated the consumer fraud laws of the various states; and

h)     As a result of Defendant's conduct, Plaintiff and Class members are entitled to damages, restitution, equitable relief, or other relief.

31.     Typicality: Plaintiff's claims are typical of the claims of Class members, as all Class members were and are similarly affected by Defendant's wrongful conduct in violation of the laws set forth in the causes of action in the Counts herein.

32.     Adequacy: Plaintiff will fairly and adequately represent and protect the interests of the Class.   Plaintiff understands her duties as Class Representative.   Plaintiff possesses the requisite knowledge, commitment, and understanding to pursue the case in the best interest of the Class.   Plaintiff has retained counsel with experience in class action litigation.   Plaintiff's interests are aligned with those of the Class.

33.     Superiority: A class action is superior to other available methods for their fair and efficient adjudication of the controversy, because members of the Class number in the thousands and individual joinder is impracticable.   The expenses and burden of individual litigation would make it impracticable or impossible for proposed members of the Class to prosecute their claims individually.   Trial of Plaintiff's claims is manageable.

34.     Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making final injunctive relief or corresponding declaratory relief appropriate with respect to the Class as a whole.

35.     Unless a class is certified, Defendants will retain monies received as a result of its unlawful conduct.   Unless a class-wide injunction is issued, Defendant will continue to violate Missouri law and other state laws resulting in harm to the Class.

## COUNT I – DAMAGES FOR VIOLATION OF MO. REV. STAT. § 407.010 *ET SEQ.* (THE "MISSOURI MERCHANDISING PRACTICES ACT" OR "MMPA") (on behalf of Subclass 1)

36.     Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

37.     Mo. Rev. Stat. § 407.020 provides the following:

> The act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce . . . in or from the state of Missouri, is declared to be an unlawful practice.  . . . Any act, use or employment declared unlawful by this subsection violates this subsection whether committed before, during or after the sale advertisement or solicitation.

38.     In connection with the sale and/or advertisement of the pet food, Defendant made representations about the pet food's ingredients that are untrue, false, inaccurate, or deceptive. As such, Defendant's conduct constitutes deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of material fact.

39.     At all relevant times, Defendant's sales and/or distribution of its pet food was a "sale" as defined by Mo. Rev. Stat. § 407.010 because such sales and/or distribution constituted a sale, lease, offer for sale or lease, or attempt to sell or lease merchandise for cash or on credit.

40.     At all relevant times, Defendant's manufacturing, marketing, advertising, sales and/or distribution of its pet food was an "advertisement" as defined by Mo. Rev. Stat. § 407.010 because such manufacturing, marketing, advertising, sales and/or distribution constituted an attempt by publication, dissemination, solicitation, circulation, or any other means to induce, directly or indirectly, any person to enter into any obligation or acquire any title or interest in any merchandise.

41.     Defendant uniformly misrepresented to plaintiff and Subclass 1, by means of its advertising, marketing, and other promotional materials, and on the pet food's labeling and packaging, the pet food's true nature and quality because, among other things, the pet food contains ingredients which Defendant specifically represented are not contained in its pet food.

The pet food does not conform to the representations made by Defendant.

42.     Defendant intended for the Plaintiff and Subclass 1 to rely on the deception and misrepresentation because it knew that such misrepresentation would be material to the decision-making of a reasonable consumer.

43.     Defendant has violated the MMPA by engaging in practices that constitute deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of the pet food.

44.     As a direct and proximate result of Defendant's improper conduct, Plaintiff and Class have suffered damages and ascertainable losses, in amounts to be determined at trial, by paying more for the pet food than they would have and/or by purchasing the pet food when they would not have if the ingredients of the pet food had not been misrepresented.

WHEREFORE, Plaintiff and Subclass 1 pray for the relief requested in the Request for Relief set forth below in this Complaint.

### COUNT II – UNJUST ENRICHMENT
### (on behalf of the Class including Subclass 1 and Subclass 2)

45.     Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

46.     Plaintiff and the Class members conferred upon Defendant benefits that were non-gratuitous and constitute unjust takings.

47.     Defendant accepted or retained the benefits conferred by Plaintiff and Class despite Defendant's deceptive advertising, material misrepresentations, omissions of material fact and/or fraudulent conduct with regard to the ingredients in, and quality of, the pet food.

48.     Retaining the benefits conferred upon Defendant by Plaintiff and Class under

9

these circumstances makes Defendant's retention of the benefits unjust and inequitable.

49.     As a result of the foregoing, Plaintiff and Class have suffered damages, as set forth more fully above.

50.     Because Defendant's retention of the benefits conferred by Plaintiff and Class is unjust and inequitable, Defendant must pay restitution in a manner established by the Court.

WHEREFORE, Plaintiff and Class pray for the relief requested in the Request for Relief set forth below in this Complaint.

## COUNT III – MONEY HAD AND RECEIVED
### (on behalf of the Class including Subclass 1 and Subclass 2)

51.     Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

52.     Defendant has received, and has in its possession, monies that rightfully belong to Plaintiff and Class, which in equity and good conscience ought to be paid to Plaintiff.

53.     Defendant has received or obtained possession of Plaintiff's and Class members' monies through the sale of the pet food.

54.     Defendant thereby appreciated a benefit by accepting such monies from Plaintiff and Class.

55.     Defendant's acceptance and retention of such monies was unjust because Defendant obtained it through deceptive advertising, false representations, and/or fraudulent conduct with regard to the quality and performance of the pet food.

56.     As a result of the foregoing, Plaintiff and Class have suffered damages, as set forth more fully above.

WHEREFORE, Plaintiff and Class pray for the relief requested in the Request for Relief set forth below in this Complaint.

## COUNT IV – VIOLATION OF THE CONSUMER FRAUD LAWS OF THE SEVERAL STATES OTHER THAN MISSOURI
### (on behalf of Subclass 2)

57.     Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

58.     Plaintiff brings this claim individually and on behalf of the members of the Class against Defendant.

59.     By misrepresenting, mislabeling and selling the pet food as having qualities, features, characteristics, benefits or effects which it does do not have, and misrepresenting its ingredients, Defendant has engaged in unfair competition or unlawful, unfair, misleading, unconscionable, or deceptive acts in violation of the state consumer statutes listed below.

60.      Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of ALA. CODE § 8.19-1, *et seq.*

61.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of ALASKA STAT. CODE § 45.50.471, *et seq.*

62.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of ARIZ. REV. STAT. § 44-1522, *et seq.*

63.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of ARK. CODE ANN. § 4-88-107, *et seq.*

64.     Defendant has engaged in unfair competition, unfair or deceptive acts or practices and false advertising in violation of CAL.BUS. & PROF CODE § 17200, *et. seq.,* § 17500, *et seq.*, and CAL.CIV.CODE § 1750, *et. seq.*

65.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices or have made false representations in violation of COLO. REV. STAT. § 6-1-101, *et*

*seq.*

66.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of CONN. GEN. STAT. § 42-110b, *et seq.*

67.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of DEL. CODE ANN. tit. 6, § 2511, *et seq.*

68.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices or made false representations in violation of D.C. CODE ANN. § 28-3901, *et seq.*

69.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of FLA. STAT. ANN. § 501.201, *et seq.*

70.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of GA. CODE ANN. §10-1-392, *et seq.*

71.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of HAW. REV. STAT. § 480, *et seq.*

72.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of IDAHO CODE § 48-601, *et seq.*

73.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of 815 ILCS § 505 *et seq.*

74.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of IND. CODE ANN. § 24-5-0.5-1, *et seq.*

75.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of IOWA CODE § 714.16, *et seq.*

76.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of KAN. STAT. § 50-623, *et seq.*

77.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of KY. REV. STAT. ANN. § 367.110, *et seq.*

78.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of LA. REV. STAT. § 51:1404, *et seq.*

79.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of ME. REV. STAT. tit. 5, § 205-A, *et seq.*

80.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of MD. CODE. ANN., COM. LAW § 13-101, *et seq.*

81.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation MASS. GEN LAWS ch. 93A, §1, *et seq.*

82.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of MICH. COMP. LAWS § 445.901, *et seq.*

83.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of MINN. STAT. § 8.31, *et seq.*

84.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of MISS. CODE ANN. § 75-24-3, *et seq.*

85.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of MONT. CODE ANN. § 30-14-101, *et seq.*

86.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of NEB. REV. STAT. § 59-1601, *et seq.*

87.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of NEV. REV. STAT. § 598.0903, *et seq.*

88.     Defendant has engaged in unfair competition or unfair or deceptive acts or

practices in violation of N.H. REV. STAT. ANN. § 358-A:1, *et seq.*

89.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of N.J.S.A. 56:8-1, *et seq.*

90.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of N.M. STAT. ANN. § 57-12-1, *et seq.*

91.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of N.C. GEN. STAT. § 75-1.1, *et seq.*

92.     Defendant has engaged in unfair competition nor unfair or deceptive acts or practices or made false representations in violation of N.D. CENT. CODE § 51-15-01, *et seq.*

93.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of OHIO REV. COD ANN. § 1345.01, *et seq.*

94.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices or made false representations in violation of OKLA. STAT. tit. 15, § 751, *et seq.*

95.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of OR. REV. STAT. § 646.605, *et seq.*

96.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of 73 PA. CONS. STAT. § 201-1, *et seq.*

97.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of R.I. GEN. LAWS § 6-13.1-1, *et seq.*

98.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of S.C. CODE § 39-5-10, *et seq.*

99.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of S.D. CODIFIED LAWS § 37-24-1, *et seq.*

100.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of TENN. CODE ANN. § 47-18-101, *et seq.*

101.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of TEX. BUS. & COM. CODE ANN. § 17.41, *et seq.*

102.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of UTAH CODE. ANN. § 13-11-1, *et seq.*

103.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of VT. STAT. ANN. tit. 9, § 2451, *et seq.*

104.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of VA. CODE ANN. § 59.1-196, *et seq.*

105.     Defendant has engaged in unfair competition or unfair, deceptive or fraudulent acts or practices in violation of WASH. REV. CODE § 19.86.010, *et seq.*

106.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of W. VA. CODE § 46A-6-101, *et seq.*

107.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of WIS. STAT. § 100.18, *et seq.*

108.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of WYO. STAT. ANN. § 40-12-101, *et seq.*

109.     The acts, practices, misrepresentations and omissions by Defendant described above, and Defendant's dissemination of deceptive and misleading advertising and marketing materials in connection therewith, occurring in the course of conduct involving trade or commerce, constitute unfair methods of competition and unfair or deceptive acts or practices within the meaning of each of the above-enumerated statutes, because each of these statutes

15

generally prohibits deceptive conduct in consumer transactions, and each of these statutes also prohibits the sale of products which are prohibited by law. Defendant violated each of these statutes by making illegal sales, and also by representing that the pet food did not contain ingredients that it actually contains.

110.    Plaintiff and Class members suffered a loss of money as a result of Defendant's misrepresentations because: (a) they would not have purchased the pet foods on the same terms if the true facts regarding its ingredients had been known; (b) they paid an unfair price premium due to the misrepresentations concerning the ingredients; and (c) the pet food in fact contained ingredients which Defendant misrepresented were not contained in the pet food, which rendered the pet food's value less than that paid by Plaintiff and Class members.

111.    As a result of the foregoing, Plaintiff and Class have suffered damages, as set forth more fully above.

WHEREFORE, Plaintiff and Class pray for the relief requested in the Request for Relief set forth below in this Complaint.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff and each member of the proposed Class pray for a judgment:

A.    Certifying the Class as requested herein;

B.    Entering an order appointing John G. Simon, Ryan Keane and Tim Cronin of The Simon Law Firm, P.C., and Sean K. Cronin of Donovan Rose Nester, P.C, as lead counsel for the Class;

C.    Awarding actual, compensatory, consequential and/or incidental damages to Plaintiffs and members of the proposed Class;

D.    Awarding restitution to Plaintiffs and members of the proposed Class;

16

E.     Awarding declaratory and injunctive relief as permitted by law or equity including a preliminary and permanent injunction enjoining Defendant from continuing the unlawful practices as set forth herein and directing Defendant to identify, with Court supervision, victims of their conduct and pay them restitution and disgorgement of all monies acquired by Defendant by means of any act or practice declared by this Court to be wrongful;

F.     Awarding punitive damages in an amount to be determined at trial;

G.     Awarding pre-judgment interest;

H.     Awarding post-judgment interest;

I.     Awarding attorneys' fees and costs;

J.     Providing such further relief as may be fair and reasonable.

## JURY TRIAL DEMANDED

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Respectfully Submitted,

By: /s/ Ryan A. Keane
**THE SIMON LAW FIRM, P.C.**
John G. Simon #35231MO
Ryan A. Keane, #62112MO
Tim M. Cronin, #63383MO
800 Market Street, Suite 1700
St. Louis, Missouri 63101
P. (314) 241-2929
F. (314) 241-2029
jsimon@simonlawpc.com
rkeane@simonlawpc.com
tcronin@simonlawpc.com

**DONOVAN ROSE NESTER, P.C.**
Donovan Rose Nester, P.C.

17

210 South Illinois Street
Belleville, Illinois 62220
P. (618) 212-6500
F. (618 212-6501